UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN CABOT, | : |
| | : |
|     Petitioner | : |
| | : |
|     v. | : CIVIL NO. 3:CV-15-0900 |
| | : |
| WARDEN MAIORANA, et al., | : (Judge Kosik) |
| | : |
|     Respondents | : |

**MEMORANDUM**

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Justin Cabot ("Petitioner"), an inmate confined at the United States Penitentiary at Canaan, Pennsylvania. Petitioner challenges the calculation of his federal sentence by the Federal Bureau of Prisons ("BOP"). The petition is ripe for consideration, and will be denied for the reasons that follow.

**I.     Background**

In or around November of 1993, Petitioner was arrested and charged with Robbery by the Old Bridge Police Department in New Jersey. Following his conviction on this charge, he was sentenced to an 18-year term of imprisonment. He served 15 years, and was thereafter paroled to a state halfway house.

On August 30, 2008, he was arrested by local authorities in Union County, New Jersey for Bank Robbery, Possession of Drug Paraphernalia, Obstruction of

Justice and parole violations. (Doc. 9-1 at 3, Roush Decl. ¶ 4.) Following his arrest, the State of New Jersey revoked Petitioner's parole status and ordered him to serve out the remainder of his previously imposed 18-year term of imprisonment. (Id.)

On the dates of September 10, 2008, November 19, 2009, and September 7, 2011, while still in state custody, Petitioner was temporarily released into federal custody pursuant to a federal Writ of Habeas Corpus Ad Prosequendum. (Id. ¶ 5.)

On October 23, 2008, the State of New Jersey dismissed the local charges relating to the August 30, 2008 arrest, in favor of prosecution of federal charges. (Id. ¶ 6; Attach. 2, 6/5/13 Memorandum for Judgement & Commitment File.) Despite the dismissal of the local charges, Petitioner remained in state custody as a result of the parole violation stemming from his August 30, 2008 arrest. (Id.)

On January 23, 2009, while in state custody, Petitioner was charged with Aggravated Assault and Simple Assault of a Law Enforcement Officer/Fireman. (Id. ¶ 7; Attach. 5.) On February 11, 2010, he was released on parole from his parole violation sentence, but remained in state custody for sentencing on the outstanding Aggravated Assault and Simple Assault charges. (Id. ¶ 8; Attach. 2.) All of the time Petitioner spent in custody from August 30, 2008 (the date of his arrest/parole violation), through February 11, 2010 (the date he was paroled from his 2008 parole violation), was credited by the State of New Jersey toward the service of his parole violation sentence. (Id.)

2

On September 7, 2011, Petitioner was sentenced to a 132-month term of confinement in the United States District Court for the District of New Jersey with respect to the August 2008 bank robbery charge. (Id. ¶ 9; Attach. 6, Judgment in a Criminal Case.) After sentencing, he was returned to state custody to await sentencing on his aggravated and simple assault charges. (Id. ¶ 6; Attach. 4.)

On November 2, 2011, Petitioner was sentenced in the State of New Jersey on the assault charges to an additional 4-year term of confinement. (Id. ¶ 10; Attach. 7, New Jersey Judgment of Conviction & Order for Commitment.) Petitioner was awarded credit from February 11, 2010 (the date he was paroled from his parole violation) through November 1, 2011 (the day before sentencing on his current charge) towards the service of this 4 year sentence. It was further ordered that this sentence was to run concurrent to Petitioner's federal sentence. (Id.; Attach. 7, New Jersey Judgment of Conviction & Order for Commitment.)

On April 2, 2013, pursuant to Petitioner's request for a nunc pro tunc retroactive designation under Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990), the BOP contacted the United States District Court of New Jersey with respect to that court's intention on how the BOP should treat the federal sentence - as concurrent or consecutive. (Id. ¶ 11; Attach. 8, 4/2/33orrespondence.) The federal sentencing court responded to the BOP that it was the court's intention that Petitioner's federal sentence was to run consecutively to his state sentence. (Id. ¶ 12; Attach. 9, 4/9/13

3

Correspondence.)

On April 16, 2013, the merits of Petitioner's case were reviewed by the BOP in accordance with Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence, as well as the factors provided in Title 18 U.S.C. § 3621(b), to determine if a retroactive concurrent nunc pro tunc designation would be appropriate. (Id. ¶ 13; Attach. 10, 18 U.S.C. § 3621(b) Worksheet.) After a review of these factors, Petitioner's request for a NPT designation was denied. (Id.)

Petitioner was released from his state sentence to the federal detainer on May 21, 2013 to commence his federal sentence pursuant to Tile 18 U.S.C. § 3585(a). (Id. ¶ 14; Attachs. 2, 4.)

On May 14, 2014, the State of New Jersey amended the previous 4-year sentence initially provided on November 2, 2011, retroactively to a "Time Served" sentence. (Id. ¶ 15; Attach. 11, Change of Judgment of conviction & Order for Commitment.) Thereafter, the BOP prepared a sentence computation for Petitioner based on a 132-month term of confinement in his federal case, commencing on May 21, 2013, the date of Petitioner's release from state custody. (Id. ¶ 16; Attach. 12.) He received prior custody credit from November 3, 2011 (the day after the amended retroactive "Time Served" sentence began on November 2, 2011) through May 20, 2013 (the day before his federal sentence commenced). (Id.) All other time spent in custody was already credited towards the service of Petitioner's state sentence. (Id.

4

¶ 16.)

Petitioner filed this habeas corpus petition pursuant to § 2241, claiming that the BOP has improperly calculated his federal sentence. He first argues that his federal sentence should receive credit for the period from February 11, 2010 (the date he was paroled from his state parole violation sentence) through November 2, 2011 (the date he was sentenced by the state on the outstanding assault charges). He also argues that credit should be given from September 2008 forward under the principles announced in the cases of Willis v. United States, 438 F.2d 923 (3d Cir. 1971) and Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993). The court disagrees with Petitioner on both fronts.

## II.   Discussion

A petition for writ of habeas corpus under § 2241 is the proper vehicle for relief "where petitioner challenges the effect of events 'subsequent' to his sentence," Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the execution of his sentence rather than its validity, see Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Thus, Petitioner has properly invoked section 2241 to challenge the determination of sentencing credit by the BOP, and has done so in the proper district, where he is imprisoned. Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

The Attorney General is responsible for computing federal sentences for all

offenses committed after November 1, 1987, 18 U.S.C. § 3585; United States v. Wilson, 503 U.S. 329, 331-32 (1992), and the Attorney General has delegated this authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96.  Computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of the following two-step process: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which petitioner may be entitled.  Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa. 1996).

  A. **Commencement of Sentence**

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a); see also Chambers v. Holland, 920 F. Supp. 618, 621 (3d Cir. 1996).  In determining the commencement of a sentence, it is therefore clear that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody. . . ."  18 U.S.C. § 3585(a).  "As a result, a federal sentence cannot begin to run earlier than on the date on which it is imposed.  See United States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998)."  Taylor v. Holt, 309 F. App'x 591, 592-93 (3d Cir. 2009).

In the instant matter, Petitioner's sentence commenced on May 21, 2013, the date he was released via full time release from his state sentence.  (Doc. 9-1, Roush

6

Decl. ¶ 14.) It is well-established that a federal sentence does not begin to run when a defendant is produced from state custody pursuant to a writ of habeas corpus ad prosequendum. Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002); Chambers, 920 F. Supp. at 622. Time spent by Petitioner in the custody of the United States Marshals Service pursuant to a federal writ of habeas corpus ad prosequendum from state custody is not federal custody in connection with Petitioner' federal offense. The state of New Jersey retains primary jurisdiction over Petitioner until it relinquishes jurisdiction by such acts as bail release, dismissal of the state charges, parole release, or the expiration of the state sentence. Chambers, 920 F. Supp. at 622; Taylor v. Reno, 164 F.3d 440, 444-45 (9th Cir. 1998). As such, the BOP properly computed Petitioner's sentence as commencing on May 21, 2013, the day New Jersey relinquished custody.

### B. Sentence credit

With respect to the issue of prior custody credit, it is the BOP and not the sentencing court which determines if jail credits should be granted towards a federal sentence. United States v. Wilson, 503 U.S. 329, 333-35 (1992). A federal defendant is entitled under certain circumstances to "jail time credit" as governed by 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

7

>   (1) as a result of the offense for which the sentence was imposed; or
>
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>   that has not been credited against another sentence.

18 U.S.C. § 3585(b)(emphasis added). "Congress made clear that a defendant could not receive a double credit for his detention time." Wilson, 503 U.S. at 337. When calculating credit for time accrued in custody "[t]he BOP may not give credit for time spent in state custody prior to sentencing in a federal case because 18 U.S.C. § 3585(b) prohibits this double credit." Taylor, 309 F. App'x at 593 (citing Wilson, 503 U.S. at 337). See also Chambers, 920 F. Supp. at 622.

Petitioner's state sentence ended on May 21, 2013, his actual date of release from the state sentence. After New Jersey amended it's previous 4-year sentence initially handed down on November 2, 2011, retroactively to a "Time Served" sentence, Petitioner received prior custody credit toward his federal sentence from November 3, 2011 (the day after the amended retroactive "Time Served" sentence began) through May 20, 2013 (the day before his federal sentence commenced).

The period of time from February 11, 2010 through November 2, 2011 that Petitioner seeks credited toward his federal sentence was already credited to his 4-year state sentence on the assault charges, as he was in the primary custody of the state awaiting sentencing on those assault charges during that time. (Doc. 91, Roush

8

Decl. ¶ 10; Attach. 7.)  When the 4-year sentence was amended on May 14, 2014 retroactively to a "Time Served" sentence, the "time served" portion of the sentence consisted of the time Petitioner spent in state custody from February 11, 2010 (date Petitioner was paroled from state parole violation and being held in state custody awaiting sentencing on state assault charges) up through November 2, 2011 (the originally imposed 4-year sentence which, on May 14, 2014, was amended to be a retroactive sentence of "time served.").  As a result of the amended sentence on the state assault charge to "time served", the period of time Petitioner was held in custody from November 3, 2011 through May 20, 2013 was thereafter credited by the BOP to his federal sentence. As such, Petitioner can not receive credit for this time period to his federal sentence since it was already credited to his state assault sentence.

Petitioner also seeks prior custody credit to be awarded under the authority of Willis v. United States, 438 F.2d 923, 925 (5th Cir. 1971) and Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993), which approved narrow exceptions to the rule against "double-counting" in 18 U.S.C. § 3585(b).  Those rules are now applied nationwide by way of BOP Program Statement 5880.28, which provides that a federal prisoner can receive credit from both sovereigns for a particular stretch of incarceration under a narrow set of circumstances involving the "effective full term" (EFT) of each sentence.  See BOP Program Statement 5880.28, at 1-14 (defining an "'EFT' as the full sentence length without including any potential time credits).  The Willis rule

9

applies only if: (1) the state and federal sentences are concurrent; and (2) the state EFT is equal to or shorter than the federal EFT. Id. at 1-22 through 1-22A. The Kayfez rule applies only if: (1) the state and federal sentences are concurrent, (2) the state EFT is greater than the federal EFT; and (3) the state EFT, after application of qualified presentence time, is reduced to a date that is earlier than the federal EFT. Id. at 1-22B through 1-23A. The purpose of both rules is to address scenarios where a credit against a concurrent state sentence "would not benefit [the defendant] except that ... he would be serving only one sentence instead of two concurrent ones. Crediting [the disputed period] against his federal sentence will correct the problem." Kayfez, 993 F.2d at 1290.

In the instant case, the federal sentencing court intended Petitioner's federal sentence to run *consecutive* to his state sentence. (Doc. 9-1 ¶¶ 11, 12.) In fact, the BOP contacted the United States District Court of New Jersey seeking clarification regarding the court's intention on how the BOP should treat the federal sentence, and the federal sentencing court specifically advised the BOP that it was the court's position "that Mr. Cabot's federal sentence should run consecutively to his state sentence." (Doc. 11, Correspondence dated 4/9/13.) For this reason, the court finds any reliance by Petitioner on Willis and/or Kayfez to be misplaced.

Based on the foregoing, the instant petition for writ of habeas corpus will be denied in that Petitioner has received all the credit to which he is due. An appropriate order follows.